<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VLADIMIR HERNANDEZ MACHADO, | |
| Petitioner, | Civil Action No. 26-1449 (MAS) |
| v. | **OPINION** |
| KRISTI NOEM, *et al.*, | |
| Respondents. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Petitioner's habeas petition (ECF No. 1) challenging his ongoing immigration detention without bond. Following an order to answer, the Government filed a response to the petition (ECF No. 9), to which Petitioner replied (ECF Nos. 10-11). For the following reasons, the petition shall be granted, and Petitioner shall be provided with a bond hearing before an immigration judge within ten days.

**I.    BACKGROUND**

Petitioner is a native and citizen of Cuba who crossed the United States border in March 2021 without admission or inspection. (ECF No. 9-1 at 2-3.) He was caught and detained by immigration officials shortly after crossing the border and processed for expedited removal. (*Id.* at 3.) Because Petitioner was found to have a credible fear related to return to his home country, he was placed in removal proceedings and ultimate released from custody on his own recognizance pursuant to 8 U.S.C. § 1226(a) on April 15, 2021. (*Id.*) Petitioner remained at liberty until he was taken into custody in October 2025. (*Id.*) Petitioner has remained detained without bond since

that time, as he was purportedly subject to mandatory detention under 8 U.S.C. § 1225(b)(1). (*Id.*) Although an immigration judge ordered Petitioner removed to Ecuador as a third party country on January 26, 2026, Petitioner appealed that decision to the Board of Immigration Appeals and is therefore not subject to a final order of removal at this time. (ECF Nos. 9-4, 9-5.)

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    **DISCUSSION**

Petitioner challenges his ongoing immigration detention without a bond hearing or custody review, to which he would be entitled under the general immigration detention statute, 8 U.S.C. § 1226(a). The Government argues that Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1225(b)(1). An alien who attempts to enter the United States illegally and who is detained shortly after making an unlawful crossing of the border is "treated as an applicant for admission" and subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). As the Third Circuit explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of aliens are subject to [detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are inadmissible due to misrepresentation or lack of immigration papers: (1) aliens 'arriving in the United States,' and (2) aliens 'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border.'" *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Aliens subject to this provision will generally be issued an expedited removal order unless they express to immigration officers that they have a credible fear of persecution should

they be deported, in which case they may be referred for removal proceedings related to that fear. *Id.* Pursuant to the statute, aliens who are taken into custody under § 1225(b)(1) are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Detention under the statute remains mandatory until the conclusion of credible fear or removal proceedings, after which an alien would have a final order of removal, and detention under the statute ends. *Id.* at 300-03.

Section 1226(a) instead provides that an alien already present in the United States who is subject to removal proceedings "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." When the Government takes an alien into custody under this statute, however, the alien is entitled to seek release on bond through a hearing before an immigration judge at which the alien bears the burden of showing that he is neither a flight risk nor a danger to the community. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Aliens taken into custody within the United States after having entered and remained in the United States for several years are therefore generally entitled to a bond hearing under the statute. *See, e.g.*, *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025).

Here, the parties dispute whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1). Based on the facts before the Court, Petitioner was initially subject to detention under the statute when he was taken into custody in 2021 as he was detained shortly after crossing the border and in close proximity to the border, and the Government treated Petitioner as subject to the statute when it conducted his initial expedited removal proceedings. *See, e.g.*, *Castro*, 835 F.3d at 425. In 2021, however, the Government decided to release Petitioner under

3

his own recognizance, apparently pursuant to the general authority to do so under 8 U.S.C. § 1226(a), rather than paroling Petitioner from detention.

Although an alien who is released on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) will remain subject to the mandatory detention requirements of § 1225(b)(1) when his parole ends and he is returned from custody, *see Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *2-3 (D.N.J. Jan. 8, 2026), the same is not true of aliens who the Government chooses to release from custody outright. *See Salas v. Soto*, No. 25-17339, 2026 WL 485712, at *3 (D.N.J. Feb. 21, 2026). Where the Government chooses to release an alien from detention under § 1226(a), that alien's status legitimately changes as he is no longer an alien detained at or near the border and kept subject to mandatory detention or detained, and instead is an alien at liberty in the United States who will only be subject to further detention under § 1226(a). *Id.* As Petitioner was outright released from detention, he falls into this category. He is an alien who was taken into custody by the Government after being at liberty within the territorial United States who is subject only to detention under § 1226(a). Petitioner is therefore entitled to a bond hearing before an immigration judge at which he may demonstrate an entitlement to bond if he can show by a preponderance of the evidence that he is neither a flight risk nor a danger to the community. *Id.* Petitioner's habeas petition shall therefore be granted, and Petitioner shall be provided a bond hearing before an immigration judge within ten days.[1]

---

[1] Petitioner also argues that his detention is unlawful because it interferes with his ability to pursue a status adjustment under the Cuban Adjustment Act. Although Petitioner has filed an adjustment application, the Government contends that he is not eligible for an adjustment. Unless and until an adjustment is granted, however, Petitioner remains subject to the Government's detention authority under 8 U.S.C. § 1226(a). Because Petitioner will be granted a bond hearing, the Court need not determine whether he is entitled to an adjustment under the Act at this time. In any event, the alleged entitlement to relief under the Cuban Adjustment Act is a claim that can be raised in a petition for review of an eventual final removal order. *See, e.g., Perez Borges v. Att'y Gen.*, 800 F. App'x 69, 73 (3d Cir. 2020). It is, therefore, doubtful that this Court has jurisdiction to decide this claim. *See Khalil v. President, United States*, 164 F.4th 259, 273-81 (3d Cir. 2026) (stating that claims which can and should be raised in a petition for review of a final removal order generally may not be reviewed in habeas petition pursuant to 8 U.S.C. § 1252).

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**.

Petitioner shall be provided with a bond hearing before an immigration judge pursuant to 8 U.S.C.

§ 1226(a) within ten days.  An order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 5/22/26